# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>KURT L. SCHOEN, et al.,<br><br>  Defendants. | 2:12-cv-01424-JCM-NJK<br><br>**REPORT & RECOMMENDATION<br>OF UNITED STATES<br>MAGISTRATE JUDGE** |

Before the Court is Plaintiff's Amended Motion to Enforce Settlement Agreement, Docket No. 27. The Court has reviewed Plaintiff's Motion, Docket No. 27. Defendants have not filed a Response. The Response was due September 30, 2013. *See* Docket No. 27. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2.

**I.      FACTUAL OVERVIEW**

   **A.     Procedural Background**

Plaintiff filed its Complaint in this action on August 10, 2012. Docket No. 1. Thereafter, on September 7, 2012, Plaintiff amended its Complaint. Docket No. 8. Defendants filed their Answer to the Amended Complaint on October 5, 2012. Docket No. 14.

On November 27, 2013, Defendants' prior counsel, Attorney Randon Hansen withdrew from the case. Docket No. 19 (Order granting Motion to Withdraw). On November 28, 2013, Defendants' current counsel, Attorney Michael R. Mushkin, filed a notice of appearance. Docket No. 20.

On December 12, 2012, the parties filed their Proposed Discovery Plan and Scheduling Order, Docket No. 22, which the Court approved. Docket No. 23. Pursuant to the Scheduling Order, the parties filed their Joint Interim Status Report on February 25, 2013. Docket No. 25.

1  The parties did not submit any other filings with the Court until August 13, 2013, when Plaintiff
2  filed its Motion to Enforce Settlement, Docket No. 26, which it promptly superseded with its
3  Amended Motion to Enforce Settlement. Docket No. 27.

### B. Settlement Discussions

On June 27, 2013, Plaintiff's counsel emailed Defendants' counsel: "Hey Mike: They'll take the $7,500 on the Joe Hand. Problem is on the G&G it is 2 events, and the lowest they'll go is $10k. Can we do it?" Docket No. 26, at 6. Defendants' counsel responded: "I think so. Let me track down my client." *Id*. Plaintiff's counsel replied: "Waiting with baited breath." *Id*. at 5. Defendants' counsel then responded: "Done. I will need some time but good to go." *Id*.

Thereafter, on August 13, 2013, Plaintiff's counsel emailed Defendants' counsel release documentation to memorialize and finalize the settlement. *Id*. at 4. According to Plaintiff's counsel, he has received no response from Defendants regarding the settlement since August 13, 2013, when Defendants' counsel's paralegal indicated that the documents had not yet been reviewed. *Id*. On August 28, 2013, Plaintiff's counsel sent a letter to Defendants' counsel regarding the status of the settlement, indicating his concern regarding the delay. *Id*. at 4 and 11.

## II. LEGAL STANDARD

The court has inherent authority under federal law to enforce a settlement agreement in an action pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986) (citations omitted); *see also Marks–Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D.Cal.1998) (citations omitted). Assent to an agreement in open court constitutes a binding agreement to settle. *Henderson v. Yard House Glendale, LLC*, 456 F. App'x 701, 702 (9th Cir. 2011); *citing Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-8, 1140 (9th Cir.2002).

A settlement agreement must meet two requirements to be enforced. *Fernandez v. Nevada*, 2012 WL 960907 (D. Nev. Feb. 9, 2012) *report and recommendation adopted,* 2012 WL 960619 (D. Nev. Mar. 20, 2012). First, it must be a complete agreement. *Id. citing Callie*, 829 F.2d at 890. Second, both parties or their authorized attorneys must agree to the terms of the settlement. *Id. citing Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir.1977).

- 2 -

1  Where material facts concerning the terms or existence of a settlement agreement are disputed,
2  the parties are entitled to an evidentiary hearing. *Callie*, 829 F.2d at 890.

3  **III.   ANALYSIS**

4      **A.   Evidentiary Hearing**

5  Where material facts concerning the terms or existence of settlement agreement are
6  disputed, the parties are entitled to an evidentiary hearing. *Callie*, 829 F.2d at 890. However, the
7  Court may decide not to hold a hearing if neither party requests or indicates that a hearing is
8  necessary to settle disputed material facts. *Bank of the W. v. Great Falls Ltd. P'ship*, 2011 WL
9  5102244, *2 (D. Nev. Oct. 25, 2011).

10  Here, neither party has requested an evidentiary hearing. Additionally, the material terms
11  of the agreement were clearly stated in the email exchange between counsel. Accordingly,
12  because the material facts of the agreement are clear and neither party has requested an
13  evidentiary hearing, the undersigned Magistrate Judge recommends that the Court decline to hold
14  such a hearing.

15      **B.   Enforcement of Settlement Agreement**

16  The material terms of the agreement are clear. Plaintiff offered to settle the case for a
17  payment of $10,000, and Defendants agreed. Docket No. 26, at 5-6. Defendants' counsel
18  indicated that he was authorized to accept the agreement and, therefore, his acceptance of the
19  agreement is binding.[1]

20  Moreover, Defendants have not opposed Plaintiff's Motion. "The failure of an opposing
21  party to file points and authorities in response to any motion shall constitute a consent to the
22  granting of the motion." LR 7-2(d).  Therefore, the Court finds that Defendants have consented to
23  the granting of Plaintiff's Motion.

---

25  [1]Defendants' counsel indicated via the email exchange that he requested the authority to settle
26  the case for $10,000 from his client and that he received that authority. Docket No. 26, at 5-6.
Further, Nevada law presumes that an attorney has authority to settle his client's claim. *Edwards v.
Babcock*, 124 Nev. 1464, 238 P.3d 808 (2008); *citing Waits v. Weller*, 653 F.2d 1288, 1290 n. 2 (9th
27  Cir.1981) (stating that under Nevada law, an attorney is presumed to have authority to settle his
client's claim). Although that presumption can be overcome by proof that the attorney did not have
28  authority, no such proof or argument has been presented here. *See id*.

Based on the foregoing and good cause appearing therefore, the Court finds that the parties reached a complete agreement and both parties voluntarily agreed to the terms. Accordingly, the undersigned Magistrate Judge recommends that the Court, through its inherent authority under federal law to enforce a settlement agreement in an action pending before it, enforce the settlement agreement that the parties entered into via their respective counsel. *See Callie*, 829 F.2d at 890. The agreement requires Plaintiff to release its claims against the Defendants in exchange for $10,000.

### IV. RECOMMENDATION

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that Plaintiff's Amended Motion to Enforce Settlement Agreement, Docket No. 27, **be GRANTED.**

DATED this   2nd   day of October, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 [former LR 510-2] any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).